UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN JOHN GOLLNICK,

        Plaintiff,

v.

C/O MORE, C/O MASAS, MISS FIEGER,
C/O NICHOLAS WHITE, C/O SMITH, C/O WHITE,
C/O GREEN, C/O WILLIAMS, FNU STEVENSON,
FNU HERRIS, FNU RITERD,
GOVERNOR GRETCHEN E. WHITMER,
ALLISON ADAMS, JUDGE MICHAEL R. SMITH,
SARA LISZNYAI, NEAL R. BRADY,
TIM ANDWIPE PARCKS, P. WILLIAM O'GRADY,
KIRK AKASHIAN, BRENT R. WEIGLE,
DAVID T. COYLE, VICHALAS WHITE,
HEALTH SERVICES, and FOOD SERVICES,

        Defendants.
_____/

Case No. 2:21-cv-11123
Hon. Linda V. Parker

**<u>OPINION AND ORDER (1) GRANTING PLAINTIFF'S APPLICATION AND MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE, (2) SUMMARILY DISMISSING PLAINTIFF'S CHALLENGE TO THE FACT OR DURATION OF CONFINEMENT, AND (3) AFFORDING PLAINTIFF AN OPPORTUNITY TO AMEND HIS COMPLAINT</u>**

      In 2021, Plaintiff Steven John Gollnick filed a pro se civil rights Complaint and two applications to proceed without prepaying the filing fee. At the time, Plaintiff was a state prisoner.[1] As discussed below, Plaintiff appears to be indigent

---

[1] On April 4, 2022, Plaintiff informed the Court that he was home from prison. (*See* ECF No. 14.)

and, therefore, the Court is granting his applications to proceed without prepaying the filing fee. However, Plaintiff's Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure and raises at least one non-cognizable issue. Accordingly, the Court is dismissing the non-cognizable claim and ordering Plaintiff to amend his complaint if he still wishes to pursue any cognizable claims.

### I.    Background

In 2021, Plaintiff filed a Complaint (ECF No. 1) and an application to proceed without prepaying the filing fee (ECF No. 2) while incarcerated at the Michigan Department of Corrections ("MDOC") Central Michigan Correctional Facility in St. Louis, Michigan. Defendants are several individuals and two entities, which appear to be part of MDOC. Some of the individual defendants apparently are or were MDOC employees; other defendants are identified in the Complaint as state-court judges; another defendant is Michigan Governor Gretchen Whitmer; and the two entities are described as "Health Services" and "Food Services."

In his Complaint, Plaintiff raises several different, unrelated issues. First and foremost, Plaintiff appears to claim that he was illegally sentenced in three state cases. (*See* ECF No. 1 at Pg ID 5). Plaintiff alleges he was held longer than he should have been and seeks money damages for every day past his "outdate." (*Id*. at Pg ID 9.)

The Complaint also refers to injuries Plaintiff allegedly sustained when correctional officers transported him to an unidentified location in a van. He asserts that one unnamed correctional officer was "high" on drugs at the time. (*Id*. at Pg ID 7-9.) Elsewhere in the Complaint, Plaintiff seems to allege that his wife and mother were killed while he was in jail. (*Id*. at Pg ID 9.) Plaintiff also alleges that he has seen inmates making alcohol while correctional officers look away. (*Id*. at Pg ID 16.)

In subsequent letters to the Court, Plaintiff makes some of the same allegations, as well as new allegations. (*See* ECF Nos. 7-13.) For example:

● Comments about the bad food in prison and being kept in prison beyond his outdate of February 15, 2021 (ECF No. 7);

● Allegations that some defendants, including correctional officers White, Massa, Smith, Stevenson, Green, and "Herry" and Judges Smith and White, are members of a motorcycle club, and that David Allison stole Plaintiff's property while he was in jail (ECF No. 8);

● A claim that Plaintiff was asked to drop a lawsuit about correctional officers, and additional allegations about the bad food in prison, a rat which sat on Plaintiff's food, and the injuries that Plaintiff incurred while being transported by an officer who was high on drugs (ECF No. 9);

● Informing the Court that he was still in prison, was being held past his outdate, and was having problems getting his mail (ECF No. 10);

● Allegations about his interview with a member of the parole board, court fees that he was assessed, his sentence, the theft of his assets, and school children getting HIV (ECF No. 11);

- A reference to his detention in Steuben County, Indiana for 92 days at some unspecified time (ECF No. 12); and

- Allegations about Plaintiff's high blood sugar, a misconduct report that he received in prison, taxes and child support, and MDOC opening his mail (ECF No. 13).

Finally, on April 4, 2022, Plaintiff notified the Court of his new address. He states that he is now home from prison and on parole for ten more months. (ECF Nos. 14 and 15.)

## II. Discussion

### A. The Filing Fee

Plaintiff filed an application to proceed without prepaying the fees for this action when he filed his Complaint. (ECF No. 2.) Because he did not support his application with a certified statement summarizing the activity in his prison account, the Court ordered Plaintiff to correct the deficiency. (ECF No. 4.) Plaintiff then filed a motion to proceed in forma pauperis. (ECF No. 5.) Although he claimed that he was attaching a certified statement regarding his trust fund account (*see id*. at Pg ID. 24, 26, & 29), it was not attached. Since then, Plaintiff has been released from prison (ECF No. 14), and he no longer has a prison trust fund account from which the Court can collect the filing fee for this action. Plaintiff still appears to be indigent, however.

Accordingly, the Court is granting him permission to proceed in forma pauperis.

### B. Standard of Review

Having resolved the issue of the fees and costs for this action, the Court proceeds to address Plaintiff's claims. The Court must screen a complaint filed in forma pauperis and summarily dismiss the complaint, or any portion of it, that is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008).

Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter . . . to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

A complaint is legally frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The term "frivolous" "embraces

not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id*.

Plaintiff brought his Complaint under 42 U.S.C. § 1983, which "makes 'liable' '[e]very person' who 'under color of' state law 'subjects, or causes to be subjected,' another person 'to the deprivation of any rights, privileges, or immunities secured by the Constitution[.]'" *Pineda v. Hamilton Cnty., Ohio*, 977 F.3d 483, 489 (6th Cir. 2020) (quoting the statute) (brackets in original). A plaintiff must prove two things to prevail in an action under § 1983: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

In addition, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[I]f a complaint violates Rule 8, the appropriate remedy is rarely immediate dismissal." *Id*. at 652. Instead, the harsh sanction of dismissal is appropriate when "a district court has offered multiple opportunities to fix the complaint and the plaintiff has persisted in noncompliance[.]" *Id*. at 653.

### C. Application of the Law to Plaintiff's Allegations

Plaintiff's Complaint is written in such a manner that it is difficult to understand exactly what Plaintiff is alleging.

However, it is clear in Plaintiff's Complaint and letters that he alleges he was illegally sentenced and held beyond his "outdate." But these are challenges to the fact or duration of confinement, which would be more appropriate in a habeas corpus action, following exhaustion of state remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 499 n. 14, 500 (1973). A § 1983 action is not a proper remedy for a state prisoner who is challenging the fact or length of his custody. *Id*. at 499.

Moreover, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held:

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id*. at 486-87 (footnote omitted) (emphasis in original). *Heck* and subsequent Supreme Court cases indicate that a prisoner's civil rights action "is barred (absent prior invalidation) . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Plaintiff has not shown that his convictions or sentences were invalidated or otherwise impugned, as set forth in *Heck*, and success on his claims about being

7

illegally sentenced or held in prison beyond his outdate would necessarily demonstrate the invalidity of his prior confinement or its duration. Accordingly, these allegations are not cognizable claims in this civil rights action. *Heck*, 512 U.S. at 487; *Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004). The Court, therefore, is summarily dismissing those claims.

Plaintiff's remaining allegations are less clear. The Court must hold the allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner,* 404 U.S. 519, 520 (1972). However, pro se litigants must follow the same rules of procedure that govern other litigants. *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009) (citing *Garrett v Selby Connor Maddux & Janier*, 425 F.3d 836, 840 (10th Cir. 2005)). They must link their allegations to material facts and indicate what each defendant did to violate their rights. *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir.) (citations omitted), *cert. denied*, 140 S. Ct. 528 (2019).

A complaint should clearly indicate "the defendants against whom relief is sought and the basis upon which the relief is sought against the particular defendants. To do less than this is to cause an injustice to persons who are named as defendants in an action." *Mathews v. Kilroe*, 170 F. Supp. 416, 417 (S.D.N.Y. 1959); *see also Vicom v. Harbridge Merch. Servs.*, 20 F.3d 771, 778 (7th Cir. 1994) (citation and quotation marks omitted) ("In a case involving multiple

defendants," Rule 8 requires only that the complaint . . . inform each defendant of the nature of his alleged participation in the wrongful conduct."). Courts are not required to "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)).

Plaintiff's Complaint is in part deficient in that it fails to set forth facts from which to conclude that each named defendant was "acting under color of [state] law." As such, the Court is unable to determine whether all named defendants are liable under § 1983. As for Defendants who do appear to be state actors, Plaintiff does not allege what each governmental defendant did to violate his rights. The Sixth Circuit Court of Appeals has "consistently held that damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (emphasis in original).

Because Plaintiff's allegations are vague and confusing, he fails to comply with Rule 8 as to all the allegations other than his claims about being sentenced

illegally and being detained past his outdate. Nevertheless, if Plaintiff still wishes to pursue his claims, the Court will allow him to file an amended complaint identifying who the defendants are, what each defendant did to violate his rights, when the alleged wrongs were committed, and where the acts were committed.

### III.  Conclusion and Order

Plaintiff demonstrates that he is indigent. His Complaint, however, fails to satisfy the pleading requirements of Rule 8. Further, his challenges to the fact or duration of confinement fail to state a claim for which relief may be granted.

Accordingly,

**IT IS ORDERED** that Plaintiff's application to proceed without prepaying the fees and costs for this action (ECF No. 2) and his motion to proceed in forma pauperis (ECF No. 5) are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims about illegal sentencing and being held beyond his outdate are summarily **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.[2]

---

[2] "[T]he dismissal of a civil rights suit for damages based on prematurity under *Heck* is for failure to state a claim." *Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011); *see also Garrett v. Murphy*, 17 F.4th 419, 427 n. 4 (3d Cir. 2021) (noting "that *Heck* dismissals are for failure to state a claim") (citing *Ortiz v. N.J. State Police*, 747 F. App'x 73, 77, 79 (3d Cir. 2018)). And a dismissal under *Heck* is without prejudice. *Callihan v. Schneider*, 178 F.3d 800, 804 (6th Cir. 1999); *Cook v. City of Tyler, Texas*, 974 F.3d 537, 539 (5th Cir. 2020).

**IT IS FURTHER ORDERED** that, if Plaintiff wishes to pursue his remaining claims, within **thirty (30) days** of this Opinion and Order, he must file an amended complaint that contains a short and plain statement showing (1) who the defendants are, (2) what each defendant did to violate his rights, (3) when the alleged wrongs were committed, and (4) where the acts were committed.  Failure to comply with this order—including the filing of an amended complaint that fails to satisfy Rule 8 and provide the information detailed above—will result in the dismissal of this action.

**IT IS SO ORDERED.**

                                                                            s/ Linda V. Parker
                                                                            LINDA V. PARKER
                                                                            U.S. DISTRICT JUDGE

Dated: November 17, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 17, 2022, by electronic and/or U.S. First Class mail.

                                                                            s/Aaron Flanigan
                                                                            Case Manager